UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

MAURICE WOODARD, Plaintiff,

v. Civil Action No. 3:20-cv-544-DJH-LLK

REYNOLDS CONSUMER PRODUCTS
LLC, Defendant.

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Plaintiff Maurice Woodard alleges that Defendant Reynolds Consumer Products LLC violated the Family and Medical Leave Act and Kentucky law by discriminating against him and terminating his employment. (Docket No. 1-2) Reynolds moves for summary judgment. (D.N. 12) For the reasons explained below, the Court will grant the motion.

**I.**

Reynolds hired Woodard as a janitor in 2017 and later promoted him to forklift operator. (D.N. 12-1, PageID # 69) In January 2019, Woodard's minor son suffered a heart attack. (*Id.*) Woodard became eligible for and began taking intermittent FMLA leave on August 27, 2019. (*Id.*; *see* D.N. 12-13, PageID # 212) Woodard's FMLA documents explained that his son could require care one to four times per week. (D.N. 12-13, PageID # 210) Woodard therefore was approved to take leave when needed for his son's "medically necessary" care, such as "transportation to and from medical appointments," "medication administration," "unexpected medical appointments," and "supervision." (*Id.*)

Reynolds institutes a point system to monitor employee attendance, administered by the Morningstar Health website. (*See* D.N. 12-3; D.N. 12-5, PageID # 174) The attendance policy requires an employee who will be late or absent from work to notify Morningstar at least thirty

1

minutes before the start of the employee's scheduled shift. (D.N. 12-5, PageID # 174) Employees who comply with this notice requirement are not issued any points for authorized absences, such as FMLA leave. (*Id.*, PageID # 175–76) Tardiness and leaving work early result in a half-point. (*Id.*, PageID # 176) An employee is issued one point for an unauthorized absence and an additional point if the employee fails to notify Morningstar of such an absence. (*Id.*) Reynolds provides verbal and written warnings as points accumulate. (*Id.*, PageID # 176–77) The point system culminates in suspension "and an investigation . . . to finalize termination" when an employee receives eight points during a twelve-month period. (*Id.*, PageID # 177)

While Woodard routinely notified Morningstar when he would be absent from work pursuant to his FMLA leave (*see* D.N. 12-3), he failed to contact Morningstar and did not report to work on November 2 and 3, 2019, and therefore received two points for each day. (*See* D.N. 12-5, PageID # 176; D.N. 12-8, PageID # 184; D.N. 14-4, PageID # 245) Woodard exhausted his FMLA leave on November 25. (D.N. 12-8, PageID # 184; *see* D.N. 12-3, PageID # 152) Thereafter, on November 26 and 27 and December 4, Woodard attempted to notify Morningstar that he would be absent pursuant to his FMLA leave but received one point for each day for his absences. (*See* D.N. 12-3, PageID # 152; D.N. 12-8, PageID # 184–85; D.N. 14-4, PageID # 245) Woodard then failed to report his absence on December 5, 2019, and received two points. (*See* D.N. 12-8, PageID # 184; D.N. 14-4, PageID # 245) The next day, on December 6, Reynolds suspended Woodard after he accumulated fifteen points in a twelve-month period, including nine points during November and December 2019. (D.N. 12-6, PageID # 179; *see* D.N. 12-8, PageID # 184–85)

Reynolds held a meeting on December 18, 2019, to discuss Woodard's attendance. (D.N. 15-1, PageID # 276) Human Resource Manager Marlena Dodd, Woodard, and a union

representative attended the meeting. (*Id.*) Woodard left the meeting early, and the union representative requested a "last-chance letter" after Woodard's exit. (*Id.*) An employee who has violated company policies, including the attendance policy, may be issued a last-chance letter instead of being terminated. (D.N. 14-2, PageID # 239; *see* D.N. 14-6) Many of the thirty last-chance letters issued from February 2020 until April 2021 concerned employees who had accumulated eight points under Reynolds's attendance policy. (*See* D.N. 14-6) The parties dispute whether Dodd has the sole authority to issue a last-chance letter. (*See* D.N. 14-2, PageID # 240; D.N. 15-1, PageID # 276–77) Dodd stated that Woodard was ineligible for a last-chance letter because he left the meeting before the union representative suggested it. (D.N. 15-1, PageID # 276–77) Dodd ultimately converted Woodard's suspension to a termination on December 30, 2019, for violating Reynolds's attendance policy. (*See* D.N. 12-7, PageID # 181; D.N. 12-10, PageID # 191; D.N. 14-3, PageID # 244)

Woodard contested his termination internally, and Reynolds upheld its decision on February 29, 2020. (D.N. 12-8, PageID # 184) Woodard and Reynolds then arbitrated the dispute, which resulted in a denial of Woodard's claim. (*See* D.N. 12-1, PageID # 115–36) Woodard initiated an action in state court in July 2020 (*see* D.N. 1-2), which was removed to this Court. (D.N. 1) Woodard claims retaliation in violation of the FMLA, 29 U.S.C. § 2601 *et seq.*, and hostile work environment, race discrimination, and retaliation in violation of the Kentucky Civil Rights Act, Ky. Rev. Stat. §§ 344.040, 344.280 (D.N. 1-2, PageID # 10–12) Woodard "concedes that there is insufficient evidence for him to prevail" on his state-law claims. (D.N. 14, PageID # 223) Accordingly, the Court will dismiss these claims. *See Brown v. VHS of Mich., Inc.*, 545 F. App'x 368, 372 (6th Cir. 2013) (affirming dismissal of abandoned claims on motion for summary judgment).

## II.

Summary judgment is appropriate when a movant shows, using evidence in the record, "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). For purposes of summary judgment, the Court must view the evidence in the light most favorable to the nonmoving party. *Loyd v. Saint Joseph Mercy Oakland*, 766 F.3d 580, 588 (6th Cir. 2014) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). If the nonmovant "fails to properly support an assertion of fact or fails to properly address another party's assertion of fact," the fact may be treated as undisputed. Fed. R. Civ. P. 56(e)(2)–(3).

The FMLA prohibits an employer from "discharg[ing] or in any other manner discriminat[ing] against any individual for opposing any practice made unlawful by this subchapter." *Donald v. Sybra, Inc.*, 667 F.3d 757, 761 (6th Cir. 2012) (alterations in original) (quoting 29 U.S.C. § 2615(a)(2)). An employer "violates the FMLA under the 'retaliation' theory if it takes adverse action against an employee because the employee invokes an FMLA right, rather than for a legitimate, nondiscriminatory reason." *Casagrande v. OhioHealth Corp.*, 666 F. App'x 491, 496 (6th Cir. 2016) (citing *Seeger v. Cincinnati Bell Tel. Co., LLC*, 681 F.3d 274, 282 (6th Cir. 2012)). The Court applies the burden-shifting framework articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), to FMLA retaliation claims where, as here, the plaintiff lacks direct evidence of retaliation. *See Casagrande*, 666 F. App'x at 499 (citing *Edgar v. JAC Prod., Inc.*, 443 F.3d 501, 508 (6th Cir. 2006)).

To establish a prima facie case of FMLA retaliation, Woodard must show that (1) he "was engaged in an activity protected by the FMLA"; (2) "the employer knew that []he was exercising [his] rights under the FMLA"; (3) "after learning of the employee's exercise of FMLA rights, the

4

employer took an employment action adverse to [him]"; and (4) "there was a causal connection between the protected FMLA activity and the adverse employment action." *Killian v. Yorozu Auto. Tenn., Inc.*, 454 F.3d 549, 556 (6th Cir. 2006) (citing *Arban v. W. Pub. Corp.*, 345 F.3d 390, 404 (6th Cir. 2003)). "A plaintiff's burden in establishing a prima facie case is not intended to be an onerous one." *Skrjanc v. Great Lakes Power Serv. Co.*, 272 F.3d 309, 315 (6th Cir. 2001) (citing *Christian v. Wal-Mart Stores, Inc.*, 252 F.3d 862, 870 (6th Cir. 2001)).

If Woodard can make out a prima facie case of retaliation, Reynolds must proffer a legitimate reason for Woodard's termination, unrelated to the exercise of FMLA rights. *See Casagrande*, 666 F. App'x at 499 (citing *Edgar*, 443 F.3d at 508). The burden then shifts back to Woodard to demonstrate that Reynolds's reason is pretextual—"that is, that the reason given is false" and that retaliation "is the real reason." *Id.* (citing *Seeger*, 681 F.3d at 285; *Skrjanc*, 272 F.3d at 315). Woodard "may establish pretext by showing that the employer's proffered reasons (1) have no basis in fact; (2) did not actually motivate the action; or (3) were insufficient to warrant the action." *Seeger*, 681 F.3d at 285 (citing *Dews v. A.B. Dick Co.*, 231 F.3d 1016, 1021 (6th Cir. 2000)).

Even assuming that Woodard could prove a prima facie case of retaliation, he fails to show pretext. *See Casagrande*, 666 F. App'x at 499. Reynolds has provided a non-retaliatory reason for Woodard's termination, namely his attendance violations. *See Greer v. Cleveland Clinic Health Sys.-E. Region*, 503 F. App'x 422, 429 (6th Cir. 2012) (noting that violation of an employer's attendance policy is a non-retaliatory reason for termination). Woodard therefore has the burden to establish that Reynolds's stated reason for his termination was pretextual. *See Robinson v. MGM Grand Detroit, LLC*, 821 F. App'x 522, 530 (6th Cir. 2020).

Woodard does not contest that he had accumulated fifteen attendance points at the time of his termination or that these absences were unauthorized under the FMLA. (*See* D.N. 14; *see also* D.N. 12-8) Rather, he argues that his termination for violating Reynolds's attendance policy was pretext for retaliation because Reynolds applies the policy "arbitrarily." (D.N. 14, PageID # 229) In support, Woodard points to the employees who were given last-chance letters instead of being terminated after accumulating eight attendance points. (*See* D.N. 14-3) Reynolds responds that the union must request a letter and that a letter was not issued to Woodard because he left the meeting before the union representative suggested one. (D.N. 15, PageID # 267; *see* D.N. 15-1, PageID # 276–77) Woodard maintains that Dodd, who made the decision to terminate him, has sole discretion to issue a letter or terminate an employee for violating the attendance policy. (D.N. 14, PageID # 222; *see* D.N. 14-2, PageID # 239–40)

Whether Dodd has such discretion is immaterial, however, because Woodard has not shown that the employees who were offered the letters "engage[d] in 'substantially identical conduct'" as Woodard. *Norton v. LTCH*, 620 F. App'x 408, 412 (6th Cir. 2015) (quoting *Joostberns v. United Parcel Servs., Inc.*, 166 F. App'x 783, 791 (6th Cir. 2006)). The evidence offered by Woodard establishes that several employees who accumulated eight attendance points in a twelve-month period were given last-chance letters. (*See* D.N. 14-3) But Woodard received fifteen attendance points before his termination on December 6, 2019, including nine points in November and December. (*See* D.N. 12-7, PageID # 181; D.N. 12-8, PageID # 184–85) Viewing the evidence in the light most favorable to Woodard, *see Loyd*, 766 F.3d at 588, the Court finds that he has failed to satisfy his burden to show pretext. *See Robinson*, 821 F. App'x at 530. The Court will therefore grant Reynolds summary judgment on Woodard's FMLA retaliation claim. *See Brown v. Excelda Mfg. Co., Inc.*, 726 F. App'x 445, 447–48 (6th Cir. 2018) (affirming grant

of summary judgment when plaintiff, who was terminated for attendance-policy violations, failed to show that another employee had similar violations); *Norton*, 620 F. App'x at 412 (finding summary judgment appropriate when plaintiff, who was terminated for an attendance-policy violation, failed to show that an employee who was not terminated was similarly situated); *Ritenour v. Tenn. Dep't Hum. Servs.*, 497 F. App'x 521, 532–33 (6th Cir. 2012) (affirming grant of summary judgment when plaintiff was terminated for violating attendance policy and "did not adduce evidence demonstrating that the policy was not enforced against other employees similarly absent on unapproved leave").

### III.

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** that Reynolds's motion for summary judgment (D.N. 12) is **GRANTED**. A separate judgment will be entered this date.

March 29, 2022

David J. Hale, Judge
United States District Court